## Case No. 15,962.

UNITED STATES v. ONE THOUSAND THREE HUNDRED AND EIGHTY-TWO HOGSHEADS OF SUGAR.

[New York Times, March 23, 1862.]

District Court, S. D. New York. March 22, 1862.

CUSTOMS LAWS—SEIZURE FOR UNDERVALUATION—AMOUNT OF BOND.

[In bonding merchandise seized by the collector for alleged undervaluation, the amount of the bond should equal the appraised value of the goods, and the collector cannot require a bond covering the appraised value plus the amount of the duties.]

Sidney Webster, for claimants.
Ethan Allen, Asst. U. S. Dist. Atty.

Before BETTS, District Judge.

The collector lately seized 1,382 hogsheads of sugar, claimed by F. Luling & Co., on the ground that they were undervalued. The appraised value of the goods was $28,000. The duties on the same were $15,000. The collector of the port instructed the district attorney in bonding the goods to demand a bond for $43,000, covering both the duties and the appraised value. To this the claimant demurred, and came before the court for its order in the premises. The attorney for the claimants contended the government could demand a bond for $28,000 only, that being the appraised value; that upon withdrawing the goods under the bond, the claimants were bound in any event to pay $15,000 duties, and that if this $15,000 should also be included in the bond, and the bond should be forfeited, that then the $15,000 would be necessarily paid by the claimants the second time, which would be unjust. Upon hearing argument on the other side, the judge said "that this matter had been decided before." He had previously given his decision that the government could claim for only the appraised value, and directed the entry of the following order:

"On motion of Sidney Webster, Esq., for the claimants, for bonding the merchandise in this suit, and upon hearing said proctor in support of said motion, and upon hearing Ethan Allen, Esq., assistant United States district attorney, in opposition thereto, it is hereby ordered that the merchandise in question be bonded at their appraised value, exclusive of the duties; and if the parties do not agree as to the appraised value, that an appraiser or appraisers will be appointed by this court to determine the value thereof."

The goods were bonded for $28,000, accordingly.

---

## Case No. 15,963.

UNITED STATES v. ONE THOUSAND THREE HUNDRED AND EIGHTY-TWO HOGSHEADS OF SUGAR.

[Cited in Four Cases Silk Ribbons, Case No. 4,986. An opinion was delivered by SMALLEY, District Judge, but it has never been reported, and is not now accessible.]

## Case No. 15,964.

UNITED STATES v. ONE THOUSAND THREE HUNDRED AND SIXTY-THREE BAGS OF MERCHANDISE.

[2 Spr. 85;[1] 25 Law. Rep. 600.]

District Court, D. Massachusetts. Aug., 1863.

NEW TRIAL — CUSTOMS LAWS — EXAMINATION OF GOODS.

1. Grounds upon which a court of common law may grant a new trial.

2. It seems that the proper construction of the act of 1799, c. 22, § 67 (1 Stat. 677), requires that each package shall be examined by a custom-house officer in the presence of two merchants, and that, to constitute such presence, the merchants must be in such a situation as to be able to witness such examination, and to see and testify to a part at least of the contents of each package.

R. H. Dana, Jr., U. S. Dist. Atty., and T. K. Lothrop, Asst. U. S. Dist. Atty.
C. L. Woodbury, for claimants.

SPRAGUE, District Judge. In this case there has been a verdict for the United States, and the claimants of the property move for a new trial.

The question how far the power of the court extends in granting new trials has been elaborately discussed by the counsel for the United States.

It is admitted that if the verdict rests on wrong instructions, or if, with correct instructions, it rests on a mistake or disregard of the law by the jury, or if it is the result of bias, or mistake of facts,—in short, if the verdict is not the result of the judgment of the jury on the facts in evidence with a correct application of the law,—the court may order a new trial; but it is contended that if the result is a verdict of the jury, in the sense of law,—that is, a result of the judgment of the jury upon a correct application of the law,—the verdict must stand; and it is urged that to grant a new trial for other reasons is to infringe upon the constitutional right of trial by jury.

It is to be remembered that a new trial does not remove the cause from the jury to the court, but from one jury to another. The question is not which tribunal, the court or the jury, shall decide the case, but how far a verdict of one jury is conclusive against a motion for a re-trial before another jury.

The idea that the constitution renders a first verdict sacred, so as to interfere with the allowance of a second trial, is of recent origin. Formerly, in Massachusetts, the losing party could have a second trial as of right by merely claiming an appeal. If the second verdict was the same as the first, it was conclusive unless the court, in its discretion, should see fit to set it aside. If the result of the second trial was different from that of the first, the losing party had a right, by a process of review, to have another trial. The losing party in this third

[1] [Reported by John Lathrop, Esq., and here reprinted by permission.]